**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**EMIL MARSHON SIMON,**

                         **Plaintiff,**

                                                    **CIVIL ACTION**

**v.**

                                                    **No:  12-2796-JAR-GLR**

**GRAFTON, INC.,**

                         **Defendant.**

**MEMORANDUM AND ORDER**

        Before the Court is a Motion for Appointment of Counsel (ECF No. 4) filed by Plaintiff.  For

the reasons set out below, the Court denies the motion.

**I.        Relevant Factual Background**

        Plaintiff *pro se* commenced this action in December 2012 by filing a civil complaint.

Contemporaneously with this Memorandum and Order the Court has granted Plaintiff permission

to proceed with this action *in forma pauperis*.  Upon examining the complaint filed in this action,

it appears that Plaintiff's complaint lacks  "a short and plain statement of the grounds for the court's

jurisdiction" as required by Fed. R. Civ. P. 8(a)(1).[1]  Although Plaintiff has filed his complaint on

a standard form used in this Court for employment discrimination cases, the only claim apparently

asserted by Plaintiff is an alleged violation of the Kansas Act Against Discrimination.  The Court

does not find that he has asserted any claim for violation of federal law.

        Because Plaintiff proceeds *pro se*, his pleadings are liberally construed.[2]  Liberal con-

struction, however, does not relieve Plaintiff from the burden to establish that this Court has juris-

---

        [1]Rule 8(a) does not require such statement if " the court already has jurisdiction and the claim
needs no new jurisdictional support."  But that exclusion is inapplicable on the facts of this case.

        [2]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

diction over the subject matter of his claim.[3]  A liberal construction of his complaint, including its

attachments, nevertheless indicates that Plaintiff is a resident of Kansas; that he requests monetary

damages in excess of $75,000; and that Defendant Grafton, Inc. has addresses in both Kansas and

Arizona.[4]  Given this information, the Court will infer that it has jurisdiction over the subject matter

of this case, based upon diversity of citizenship under 28 U.S.C. § 1332.  With that inference, the

Court considers his motion for appointment of counsel.

## II.     Motion for Appointment of Counsel

In general, there is no constitutional right to appointment of counsel in a civil case.[5]  For

parties proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to

"request an attorney to represent any person unable to afford counsel."[6]  This statute does not provide

---

[3]*Sump v. Schaulis*, No. 07-4014-RDR, 2007 WL 1054277, at *1 (D. Kan. Apr. 9, 2007).

[4]*See* Compl. (ECF No. 1) at 1, 4; Attachments to Compl. at 23.

[5]*See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[6]While courts sometimes use the term "appoint" when referring to § 1915(e)(1), the more appropriate terminology is request.  *See Mallard v. U.S. Dist. Ct. S. Dist. Iowa*, 490 U.S. 296, 300-09 (1989) (emphasizing that § 1915(d), the predecessor to § 1915(e)(1), does not provide for compulsory appointment of counsel).  Before being renumbered and amended in 1996, § 1915(d) provided:  "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  *See id.* at 298.  Even though "§ 1915(e) does not authorize the district court to require an unwilling attorney to represent an indigent defendant in a civil case, it does allow the court to make an appropriate request that legal assistance be provided."  *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir. 2001) (citing *Mallard*).

a statutory right to counsel.[7]

Under § 1915(e)(1), the Court has broad discretion to request counsel to provide representation.[8]  When deciding whether to request an attorney to represent an indigent party under § 1915(e)(1), the courts evaluate the merits of the litigant's claims, "the nature and complexity of the factual and legal issues," and the litigant's ability to investigate the facts and present the claims.[9] The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the Court requesting an attorney to represent the movant.[10]

To warrant appointment of counsel, Plaintiff must affirmatively show that he asserts meritorious claims.  But he makes no attempt to demonstrate the merits of his claims in his motion for appointment.  Consequently, the Court is left to consider his complaint.  His complaint standing alone, however, provides an insufficient basis to find that this action has sufficient merit to warrant appointment of counsel.  Although the Court has inferred that Plaintiff premises jurisdiction on diversity of citizenship, it has done so on the barest of information from the complaint and its attachments.  Federal jurisdiction could ultimately be found lacking.  Without a proper basis for federal jurisdiction this action may be subject to summary dismissal.[11]  Given that possibility and the

---

[7]*See, e.g.*, *Leo v. Garmin Int'l.*, No. 10-2495-JTM,  2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010); *Patterson v. Davita Dialysis*, No. 09-2131-JAR-GLR, 2009 WL 902406, at *1 (D. Kan. Mar. 31, 2009).

[8]*Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009).

[9]*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[10]*Id.*

[11]*See* Fed. R. Civ. P. 12(h)(3).

scarcity of information about federal jurisdiction over this case, this case lacks sufficient merit to warrant requesting an attorney to represent Plaintiff under § 1915(e)(1).  In light of the information before it, the Court does not find that Plaintiff has carried his burden to show that his claims are of such merit as to warrant a request for an attorney to represent Plaintiff.

Nothing before the Court, moreover, suggests that Plaintiff needs an attorney to adequately present his case.  The factual and legal issues in this employment discrimination case are not complex.  Plaintiff has not shown any reason why he cannot adequately research and investigate the case on his own.  His pleadings and written submissions reflect some understanding of court rules and procedures, and he has access to local law libraries.  At this stage of the proceedings, it is unclear whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination or whether the appointment of counsel will shorten trial or assist in a just determination.

For the foregoing reasons, the Court denies the Motion for Appointment of Counsel (ECF No. 4) filed by Plaintiff without prejudice to his filing a similar motion, if he survives summary dismissal.  If the case proceeds to trial, furthermore, the Court may on its own motion reconsider whether the circumstances warrant a request for counsel to represent Plaintiff at that time.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 15th day of January, 2013.


S/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge